# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANUEL CINTRON,** | : | **CIVIL NO. 3:16-CV-0048** |
| | : | |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Manuel Cintron ("Cintron"), a federal inmate incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I.  Background

The following background is primarily extracted from the electronic criminal docket sheet in Cintron's criminal case in the United States District Court for the District or Massachusetts, USA v. Cintron, 1:07-cr-10409-NMG-1, and the electronic docket sheet in his appeal to the United States Court of Appeals for the First Circuit, US v. Cintron, 09-2666. On June 23, 2009, Cintron entered a plea of guilty to conspiracy with intent to distribute

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

cocaine and possession with intent to distribute cocaine and aiding and abetting. (USA v. Cintron, 1:07-cr-10409-NMG-1). On December 3, 2009, he was sentenced "[o]n Counts 1 and 2 concurrently: 158 months in custody of BOP followed by 72 months of [Supervised] R[elease]." (Id. at Doc. 38). The First Court affirmed the conviction and sentence on November 23, 2010. (Id. at Doc. 45; US v. Cintron, 09-2666).

Cintron then filed a flurry of procedural motions in the sentencing court. On May 18, 2015, he filed a Motion to Vacate his sentence pursuant to 28. U.S.C. § 2255. (USA v. Cintron, 1:07-cr-10409-NMG-1, Doc. 81). His sole ground for relief was framed as follows: "Petitioner asserts ('Newly-Discovered-Evidence'): evidence relied on to convict petitioner has since been discovered that ther [sic] was a 'mass' cover-up with the William A. Hinton State Laboratory Institute. The United States of America use [sic] this 'tainted' evidence which is fraud upon the United States Courts. All defendants in the Hinton Laboratory 'Scandal' have since conceded to the scandal . . . " (Id.) The motion was denied on August 12, 2015. (Id. at Doc. 86). In denying the motion, the district court stated that "[b]ecause the petition is time barred and also because it fails on the merits the motion is denied and the petition is dismissed." (Id.). He appealed on October 1, 2015. (Id. at Doc. 91). The Court is unable to ascertain the status of the appeal.

The instant petition was filed on January 12, 2016. (Doc. 1).

**II.   Discussion**

Cintron seeks relief on the ground that "he is 'actually innocense [sic]' of the coviction [sic] due to the 'newly discover' evidence that was not available to Petitioner

during Petitioner['s] original proceedings.  Petitioner further asserts that highly public 'scandal' of the William A. Hilton State laboratory institute has 'discovered' that Petitioner['s] conviction is 'tainted' due to Petitioners [sic] 'direct' involvement . . . " (Id. at 7).  Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Initially, Cintron raises the very issue he raised in his motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in this petition and, as noted *supra*, it appears that the appeal of the denial of his 2255 motion is still unresolved.  Hence, the filing of a habeas petition in this Court is premature.  Moreover, claims challenging the legality of federal convictions or sentences may only be raised in a  § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).  Rather, only when a federal prisoner is in an unusual position

of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241.  Dorsainvil, 119 F.3d at 251–52.

Cintron cannot now show that a § 2255 motion is "inadequate or ineffective"—and that resort to § 2241 is therefore available—simply because the sentencing court did not grant him relief.  See Cradle, 290 F.3d at 539.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Cintron fails to demonstrate that he falls within the Dorsainvil exception.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

### III.  Conclusion

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:        May 19, 2016